IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| DARYL WHITE, JR., individually and on behalf of all others similarly situated, ) ) ) | | |
| Plaintiff, ) ) | No. 2:17-cv-04025-NKL | |
| v. ) ) | The Hon. Nanette K. Laughrey | |
| JUST BORN, INC., ) ) | | |
| Defendant. ) ) | | |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION, APPOINTMENT OF CLASS REPRESENTATIVE, AND APPOINTMENT OF CLASS COUNSEL**

Plaintiff, by and through his attorneys, respectfully moves this Court for an Order granting certification of the Classes set forth below, appointing Plaintiff as the representative of the Classes, and appointing Plaintiff's counsel as counsel for the Classes.

Plaintiff seeks certification of and for Plaintiff to be appointed to serve as class representative for the following Classes:

1. The Missouri Consumer Class defined as follows:

All Missouri residents who purchased a 5-ounce box of Hot Tamales candy and/or a 5-ounce box of Mike and Ike candy for personal, family, or household purposes within the relevant statute-of-limitations period.

2. The Unjust Enrichment (Restatement) Multi-State Class defined as follows:

All persons residing in Arkansas, Colorado, Connecticut, District of Columbia, Hawaii, Illinois, Iowa, New York, Oklahoma, or West Virginia who purchased a 5-ounce box of Hot Tamales candy and/or a 5-ounce box of Mike and Ike candy for their personal or household use within the relevant statute-of-limitations period.

3. The <u>Unjust Enrichment (Appreciation) Multi-State Class</u> defined as follows:

All persons residing in Alaska, Florida, Kansas, Kentucky, Maine, Maryland, Massachusetts, Missouri, Nevada, New Mexico, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, Washington, or Wisconsin who purchased a 5-ounce box of Hot Tamales candy and/or a 5-ounce box of Mike and Ike candy for their personal or household use within the relevant statute-of-limitations period.

Excluded from any proposed Class is (i) Defendant, any entity in which Defendant has a controlling interest, (ii) the Court and its staff, and (iii) Class Counsel and their staff.

As described in detail in the accompanying Suggestions in Support of Plaintiff's Motion for Class Certification, Appointment of Class Representative, and Appointment of Class Counsel, this case satisfies each of the four elements of Rule 23(a). The case meets the: (i) Rule 23(a)(1) numerosity requirement because the members of the Classes are sufficiently numerous and located throughout the United States and the state of Missouri, making joinder impracticable; (ii) Rule 23(a)(2) commonality requirement because Defendant engaged in a uniform course of conduct with respect to the manufacturing, packaging and filling of the Products during the class period, giving rise to numerous common questions; (iii) Rule 23(a)(3) typicality requirement because, based on Defendant's uniform conduct, Plaintiff and Class members assert the same claims, and will use the same evidence to prove those claims and establish harm; (iv) Rule 23(a)(4) adequacy requirement because Plaintiff has the same interests as the unnamed members of the Classes and will vigorously prosecute the interests of the Classes through qualified counsel.

In addition, the case meets the requirements of Rule 23(b)(3) based on the common proof concerning Defendant's manufacturing practices, including whether the slack-fill included in the Products is nonfunctional. Moreover, class treatment is not merely superior

to individual treatment, it is the only method for fair and efficient adjudication of the issues before the Court where each individual claim involves a small dollar amount. The case also satisfies the requirements of Rule 23(b)(2) because Defendant has acted in a manner that applies across the Classes and continues to sell the Products, rendering injunctive relief appropriate. Accordingly, Plaintiff respectfully requests that the Court grant his Motion for Class Certification and appoint him as class representative for the certified Classes under Rule 23(a) and 23(b).

Finally, under Rule 23(g), a "court that certifies a class must appoint class counsel." Fed. R. Civ. P. 23(g)(1)(A). Plaintiff requests that the Court appoint David L. Steelman of Steelman, Gaunt & Horsefield, Scott A. Kamber of KamberLaw LLC, and Christopher D. Moon of KamberLaw LLP as Class Counsel. Counsel has and will continue to "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4).

For the reasons provided herein and in the accompanying Suggestions, Plaintiff respectfully requests that the Court (1) certify the Classes as detailed above; (2) appoint Plaintiff as representative of the Classes; (3) appoint David L. Steelman of Steelman, Gaunt & Horsefield, Scott A. Kamber of KamberLaw LLC, and Christopher D. Moon of KamberLaw LLP as Class Counsel; (4) order the parties to meet and confer regarding the form of the proposed notice to potential Class members; and (5) grant such other relief as the Court deems necessary and appropriate. A Proposed Order is submitted with this Motion.

Dated: April 3, 2018                    Respectfully submitted,

                                           By: */s/* David L. Steelman
                                                 David L. Steelman, MO #27734
                                                 Stephen F. Gaunt, MO #33183
                                                 STEELMAN, GAUNT & HORSEFIELD

901 Pine Street, Suite 110
Rolla, Missouri 65401
Telephone: 573-458-5231
Facsimile: 573-341-8548
dsteelman@steelmanandgaunt.com
sgaunt@steelmanandgaunt.com

Christopher D. Moon *(pro hac vice)*
KAMBERLAW LLP
9404 Genesee Avenue, Suite 340
La Jolla, California 92037
Telephone: 310-400-1053
Facsimile: 858-800-4277
cmoon@kamberlaw.com

Scott A. Kamber *(pro hac vice)*
KAMBERLAW LLC
142 57th Street, 11th Floor
New York, New York 10019
Telephone: 646-964-9600
Facsimile: 212-202-6364
skamber@kamberlaw.com

*Attorneys for Plaintiff Daryl White, Jr.
and the putative Class*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this April 3, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

*/s/* David L. Steelman
David L. Steelman