# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| DARYL WHITE, JR., Individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) No. 2:17-cv-04025-NKL |
| v. | )<br>) |
| JUST BORN, INC., | )<br>) |
| Defendant. | ) |

## ORDER

Pending before the Court are Plaintiff Daryl White, Jr.'s Motion for Class Certification, Doc. 68, and Defendant Just Born, Inc.'s Motion for Leave to File a Sur-Reply, Doc. 124. For the following reasons, the motions are denied.

I. **BACKGROUND**

Defendant Just Born, Inc. manufactures Hot Tamales® and Mike and Ike® (together, "the candy"). The products are regularly sold at grocery stores, convenience stores, and other food retail outlets throughout Missouri and the rest of the United States. This lawsuit focuses on Just Born's packaging of the candy.

In December 2016, plaintiff Daryl White, Jr. bought a box of each candy for about $1.00 apiece at a Dollar Store in Missouri, for his personal use. The candies were packaged in opaque cardboard containers of identical dimensions: 3.25 inches x .75 inches x 6 inches. White alleges that he "attached importance" to the "size" of the candy boxes, and that he was misled to believe that he was "purchasing more Product than was actually received." Doc. 1, p. 14. He alleges that the boxes are "uniformly under-filled," or "'slack-filled,'" *id.*, p. 2; that the slack-filled space serves no purpose; and that had he known the boxes were "substantially slack-filled," he would not have

purchased the products, or would have purchased them on different terms. *Id.,* p. 14. He also alleges that he "suffered an ascertainable loss as a result of [Just Born's] unlawful conduct because the actual value of the Products as purchased was less than the value of the Products as represented." *Id.*, p. 14.

In February 2017, White filed this putative class action, alleging violations of the Missouri Merchandising Practices Act (MMPA) and unjust enrichment based on the slack-fill in Just Born's candy packaging. He seeks certification of three classes—one consisting of only Missouri residents for the MMPA claim, and two consisting of residents from various states for the Unjust Enrichment claims. Specifically, White proposes the following classes:

> 1. The <u>Missouri Consumer Class</u> defined as follows:
>
> All Missouri residents who purchased a 5-ounce box of Hot Tamales candy and/or a 5-ounce box of Mike and Ike candy for personal, family, or household purposes within the relevant statute-of-limitations period.
>
> 2. The <u>Unjust Enrichment (Restatement) Multi-State Class</u> defined as follows:
>
> All persons residing in Arkansas, Colorado, Connecticut, District of Columbia, Hawaii, Illinois, Iowa, New York, Oklahoma, or West Virginia who purchased a 5-ounce box of Hot Tamales candy and/or a 5-ounce box of Mike and Ike candy for their personal or household use within the relevant statute-of-limitations period.
>
> 3. The <u>Unjust Enrichment (Appreciation) Multi-State Class</u> defined as follows:
>
> All persons residing in Alaska, Florida, Kansas, Kentucky, Maine, Maryland, Massachusetts, Missouri, Nevada, New Mexico, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, Washington, or Wisconsin who purchased a 5-ounce box of Hot Tamales candy and/or a 5-ounce box of Mike and Ike candy for their personal or household use within the relevant statute-of-limitations period.

Doc. 68, pp. 1-2. White also seeks to be appointed to serve as class representative of all three classes, and to have his attorneys appointed to serve as class counsel.

## II.     DISCUSSION

### A.     The Unjust Enrichment (Restatement) Multi-State Class

It is axiomatic that "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982) (quoting *East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)). "To act as a class representative, a named plaintiff must be 'a member of the class he seeks to represent.'" *Georges v. Accutira Mortg., Inc.*, No. 4:08-CV-201 (JCH), 2008 WL 2079125, at *6 (E.D. Mo. May 15, 2008) (quoting *Sample v. Monsanto Co.*, 218 F.R.D. 644, 648 (E.D. Mo. 2003)). "If the named plaintiff fails to satisfy this threshold requirement, then a certifiable class does not exist." *Id.*

In an attempt to account for variations in states' unjust enrichment laws, White seeks certification of two separate unjust enrichment classes. In doing so, however, White defined himself out of one. White's proposed Unjust Enrichment (Restatement) Class includes individuals residing in Arkansas, Colorado, Connecticut, District of Columbia, Hawaii, Illinois, Iowa, New York, Oklahoma, and West Virginia. Doc. 68, p. 1. However, White resides in Missouri, and therefore is not a member of the class he seeks to represent. Doc. 1, p. 3. Accordingly, the Unjust Enrichment (Restatement) Multi-State Class is not certifiable.

### B.     Rule 23(b)

To warrant certification, a class must meet not only the four requirements of Rule 23(a), but also one of the three requirements in Rule 23(b). *Comcast Corp. v. Behrend,* 133 S. Ct. 1426, 1432 (2013). The burden of showing that the class should be certified rests on Plaintiffs, *Luiken v. Domino's Pizza, LLC*, 705 F.3d 370, 372 (8th Cir. 2013), and they will meet this burden only if, "after a rigorous analysis," the Court is convinced that the Rule 23 requirements are satisfied.

*Comcast*, 133 S. Ct. at 1432 (quotation marks and citation omitted). The Court has broad discretion in deciding whether class certification is appropriate. *Prof'l Firefighters Ass'n of Omaha, Local 385 v. Zalewski,* 678 F.3d 640, 645 (8th Cir. 2012) (citation omitted).

White seeks certification of all three classes under both Rule 23(b)(3) and 23(b)(2). However, the proposed classes do not satisfy the requirements of either subsection.

### 1. Rule 23(b)(3)

Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and [that] a class action [be] superior to other available methods for fairly and efficiently adjudicating the controversy." The "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 623 (1997). In other words, it "goes to the efficiency of a class action as an alternative to individual suits." *Ebert v. Gen. Mills, Inc.*, 823 F.3d 472, 479 (8th Cir. 2016). The requirement is not satisfied if 'individual questions . . . overwhelm the questions common to the class." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1196 (2013). The Eighth Circuit articulates the test as follows:

> When determining whether common questions predominate, a court must conduct a limited preliminary inquiry, looking behind the pleadings, but that inquiry should be limited to determining whether, if the plaintiff's general allegations are true, common evidence could suffice to make out a prima facie case for the class. While limited in scope, this analysis should also be rigorous.

*Luiken*, 705 F.3d at 377 (internal quotation and citation omitted). This inquiry is "far more demanding" than that conducted to establish commonality under Rule 23(a). *Amchem*, 521 U.S. at 623-24.

### a. The Missouri Consumer Class

The elements of a claim under the MMPA are: (1) the purchase of goods or services, (2) for personal or household purposes; and (3) an ascertainable loss of money or property, (4) resulting from or caused by the use or employment by another person of a method, act, or practice declared unlawful under the MMPA. Mo. Rev. Stat. §§ 407.020 and 407.025.1; *Murphy v. Stonewall Kitchen, LLC*, 503 S.W.3d 308, 311 (Mo. App. 2016). Critically, "causation is a necessary element of an MMPA claim." *Owen v. GMC*, 533 F.3d 913, 922 (8th Cir. 2008); *see also Williams v. HSBC Bank USA, N.A.*, 467 S.W.3d 836, 843 (Mo. App. 2015) (affirming grant of summary judgment in defendant's favor where the "undisputed facts show[ed] [plaintiff-]Appellants w[ould] not be able to prove an ascertainable loss caused by th[e] alleged representation"); MO. APPROVED INSTRUCTIONS (CIVIL) 39.01 (7th ed.) (verdict director for MMPA violation, requiring jury to find that "as a direct result of such conduct, plaintiff sustained damage"). Thus, even where an MMPA violation occurs, if it does not *cause* an ascertainable loss of money or property—i.e. an injury—a plaintiff cannot sue for the violation. Additionally, the Missouri Supreme Court has held that a plaintiff who "did not care" about an alleged MMPA violation, or who "knew about" the violation and "purchased . . . [the] products anyway," was not injured by the practice. *State ex rel Coca-Cola Co. v. Nixon*, 249 S.W.3d 855, 862 (Mo. Banc. 2008) (finding that lower court abused discretion in certifying class because "proposed class could include millions who were not injured and thus have no grievance under section 407.025"); *In re Bisphenol-A (BPA) Polycarbonate Plastic Prods. Liab. Litig.*, No. 08-1967-ODS, 2011 WL 6740338, at *5 (W.D. Mo. Dec. 22, 2011) (denying class certification because "it includes individuals who have not suffered an injury in fact," explaining that "[i]ndividuals who knew about BPA's existence and the surrounding controversy before purchasing Defendants' products have no injury"); *Owen v.*

5

*GMC*, No. 06-4067-NKL, 2007 WL 1655760, at *5 (W.D. Mo. June 5, 2007) (granting summary judgment in favor of defendant where plaintiffs failed to show that they would not have purchased the product had they been aware of the purportedly unlawful practice), *aff'd*, 533 F.3d 913 (8th Cir. 2008); *see also McCall v. Monro Muffler Brake, Inc.*, No. 10-269, 2013 WL 1282306, at *5 (E.D. Mo. Mar. 27, 2013) (dismissing MMPA claim at summary judgment stage where, *inter alia*, undisputed evidence showed that the named plaintiffs "could not have been misle[]d by the disclosures").

The first and second elements of White's MMPA claim will involve predominantly individual inquiries as to whether each class member purchased the candy. In this case, most—if not all—class members will have purchased the candy from a third party retailer, rather than Just Born. Thus, there is no master list that exists to provide common proof for each class members' purchase. Instead, each class member will need to provide individualized evidence that they purchased the candy for personal or household purposes within the last five years, and therefore belong to the class.[1]

The third and fourth elements will involve both common and individual questions. The question of whether the slack-fill in Just Born's candy packaging violates the MMPA will be susceptible to a common answer. *Murphy*, 503 S.W.3d at 311 ("It is the defendant's conduct, not his intent, which determines whether a violation has occurred . . . . Moreover, a consumer's reliance on an unlawful practice is not required under the MMPA.") (internal citations omitted). However, the question of whether any MMPA violation injured each class member will require

---

[1] This also goes to the issue of the ascertainability of the class. Although the Eighth Circuit has not "outlined a requirement of ascertainability," or treated ascertainability "as a preliminary requirement," it "is elementary that in order to maintain a class action, the class sought to be represented must be adequately defined and clearly ascertainable." *Sandusky Wellness Ctr., LLC v. Medtox Sci., Inc.*, 821 F.3d 992, 996 (8th Cir. 2016).

individualized inquiry. As discussed above, if an individual knew how much slack-fill was in a candy box before he purchased it, he suffered no injury.

White argues that the "reasonable consumer standard" eliminates any individualized inquiry. However, while that standard applies to the determination of whether the slack-fill violates the MMPA, it does not apply to the determination of whether any unlawful slack-fill injured each plaintiff. *See Guido v. L'Oreal, USA, Inc.*, No. 11-1067, 2013 WL 3353857, at \*\*10-11 (C.D. Cal. July 1, 2013) (holding that the objective "reasonable consumer" test would be used to determine whether the defendant had "violated the false advertising prohibitions" under California law, and noting that relief would be available "without individualized proof of deception, reliance and injury, *so long as the named plaintiffs demonstrate injury and causation*") (emphasis added).

If the Missouri Consumer Class were certified, the litigation would be dominated by individual inquiries into whether each class member was deceived by any slack-fill in a box before purchasing it. In other words, it would be dominated by causation and knowledge. *See Grovatt v. St. Jude Med., Inc.*, 522 F.3d 836, 840 (8th Cir. 2008) (finding that evidence relating to the "causal nexus between alleged misrepresentations and any injury" is highly relevant, and the need for "plaintiff-by-plaintiff determinations mean[t] that common issues [would] not predominate").

Because individual questions would predominate over common questions on White's MMPA claim, the Missouri Consumer Class cannot be certified.

### b. Unjust Enrichment

White's Unjust Enrichment Classes cannot be certified for the same reason.

To state a claim for unjust enrichment, White must plausibly allege that (1) Just Born received a benefit, (2) at the class members' expense, and (3) allowing Just Born to retain the

7

benefit would be unjust. *See Gerke v. City of Kansas City*, 493 S.W.3d 433, 438 (Mo. App. 2016).

White alleges that the candy's slack-fill allowed Just Born to obtain an unjust benefit, and that this claim is not dependent on each class member's individual behavior. However, an individual who knew what he was getting before he purchased one of the candy boxes but chose to purchase it anyway cannot establish that Just Born's retention of the purported benefit was unjust. *See In re BPA*, 2011 WL 6740338, at *4 ("[T]here can be no unjust enrichment if the parties receive what they intended to obtain.") (quoting *American Standard Ins. Co. of Wisconsin v. Bracht*, 103 S.W.3d 281, 293 (Mo. Ct. App. 2003)). The unjust enrichment claims thus turn on each individual class member's knowledge at the time of purchase. Inquiries into each class member's knowledge would dominate litigation over the unjust enrichment claim just as they would the MMPA claim. The Unjust Enrichment Classes therefore cannot be certified.

2. **Rule 23(b)(2)**

"Class certification under Rule 23(b)(2) is proper only when the primary relief sought is declaratory or injunctive." *In re St. Jude Med., Inc.*, 425 F.3d 1116, 1121 (8th Cir. 2005). Additionally, while Rule 23(b)(2) does not contain a predominance requirement, the class claims still must be cohesive. *Id.* Indeed, "[b]ecause unnamed members are bound by the action without the opportunity to opt out of a Rule 23(b)(2) class, even greater cohesiveness generally is required than in a Rule 23(b)(3) class." *Id.*

As the Court has already determined that White's proposed class is not sufficiently cohesive for Rule 23(b)(3) certification, it is undeniably not cohesive enough to satisfy Rule 23(b)(2)'s "greater cohesiveness" standard. *Id.* Moreover, White seeks primarily "compensatory damages," "restitution," and "all other forms of equitable monetary relief." Doc. 1, p. 21. The

three classes thus do not warrant Rule 23(b)(2) certification.[2]

### C. Standing

Just Born also argues that the proposed class members have not all suffered an injury, and that those who have not been injured lack standing. "A district court may not certify a class . . . if it contains members who lack standing." *In re Zurn Pex Plumbing Prod. Liab. Litig.*, 644 F.3d 604, 616 (8th Cir. 2011). Classes therefore "must be defined in such a way that anyone within [them] would have standing." *Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1034 (8th Cir. 2010).

In order to have standing, a plaintiff must have suffered an "injury in fact." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The injury must be both concrete and particularized, and "must affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). "In most cases, the question whether a plaintiff has a cognizable injury sufficient to confer standing is closely bound up with the question of whether and how the law will grant him relief." *In re Zurn Pex Plumbing*, 644 F.3d at 616.

As discussed above, with regard to claims for violations of the MMPA and unjust enrichment, a plaintiff who "did not care" about an allegedly misleading marketing practice, or who "knew about" the practice and "purchased . . . [the] products anyway," was not injured by the practice. *Coca-Cola*, 249 S.W.3d at 862 (stating that, for purposes of its analysis, the plaintiff's unjust enrichment and MMPA claims "need not be distinguished"). Other courts—including this Court—have found the same. *See Bratton v. Hershey Co.*, No. 2:16-CV-4322-C-NKL, 2018 WL 934899 (W.D. Mo. Feb. 16, 2018) (granting summary judgment for defendant where plaintiff admitted that he was aware of approximately how much candy and how much

---

[2] White appears to concede this point, as his reply brief does not address Rule 23(b)(2).

empty space was in each box of candy, but he nonetheless continued to purchase it); *In re Bisphenol-A (BPA) Polycarbonate Plastic Prods. Liab. Litig.*, No. 08-1967-ODS, 2011 WL 6740338, at *5 (W.D. Mo. Dec. 22, 2011) (denying class certification because "it includes individuals who have not suffered an injury in fact," explaining that "[i]ndividuals who knew about BPA's existence and the surrounding controversy before purchasing Defendants' products have no injury"); *Owen v. GMC*, No. 06-4067-NKL, 2007 WL 1655760, at *5 (W.D. Mo. June 5, 2007) (granting summary judgment in favor of defendant where plaintiffs failed to show that they would not have purchased the product had they been aware of the purportedly unlawful practice), *aff'd*, 533 F.3d 913 (8th Cir. 2008); *see also McCall v. Monro Muffler Brake, Inc.*, No. 10-269, 2013 WL 1282306, at *5 (E.D. Mo. Mar. 27, 2013) (dismissing MMPA claim at summary judgment stage where, *inter alia*, undisputed evidence showed that the named plaintiffs "could not have been misle[]d by the disclosures").

White argues that he suffered an injury and has standing to pursue this claim, despite the *Coca-Cola* holding, by virtue of rather unique circumstances. He testified that even though he purchased two or more boxes of the candy each year, he was unaware of the amount of slack-fill in the boxes until just before he filed this action because he usually bought the candy for his children, and only ever ate "what [was] left over from the kids." Doc. 103-9, pp. 4-5, 12. White further testified that after he discovered how much empty space was in the candy packaging, he ceased purchasing it. Doc. 103-9, p. 20.

Regardless of whether White's testimony sufficiently demonstrates an injury, there remains a question as to whether unnamed class members will be able to similarly evade *Coca-Cola*. Knowledge is an important aspect of each class members' claim. Without establishing that they were unaware of the amount of slack-fill in Just Born's candy boxes, or that they ceased

10

purchasing the candy after discovering it, class members will not be able to show injury. Therefore, the proposed classes could include individuals who purchased dozens of boxes of the candy in the past five years despite knowing how much slack-fill was in the packaging.

White maintains that standing does not prevent class certification for two reasons. First, he quotes *Spokeo* for the proposition that at the class certification stage, a representative plaintiff need only "allege and show that he . . . personally has been injured, not that injury has been suffered by other, unidentified members of the class to which [he] belong[s]." Doc. 103, p. 16 (quoting *Spokeo*, 136 S. Ct. at 1547 n.6). The Court must, however, read *Spokeo* in light of the Eighth Circuit's decision in *Avritt*. Although *Avritt* acknowledged that courts do not require evidence that every member of a class has standing, it held that a class may not be certified if it is known to contain members who lack standing. *Avritt*, 615 F.3d at 1034.[3] This is logical, because "a named plaintiff cannot represent a class of persons who lack the ability to bring a suit themselves." *In re Zurn Pex Plumbing Prod. Liab. Litig.*, 644 F.3d at 616.

White cannot represent a class that includes persons who purchased the candy despite knowing how much slack-fill would be in each box. Yet, the classes as defined would include such persons. Class certification therefore would be inappropriate. *Avritt*, 615 F.3d at 1034 (stating that classes "must be defined in such a way that anyone within [them] would have standing").

White also argues that the class definitions do not include "a large number of uninjured consumers" because each consumer was injured irrespective of their state of mind at the time of purchase. Doc. 103, p. 16. However, this argument is foreclosed by *Coca-Cola*. There, the

---

[3] Although *Spokeo* was issued five years after *Avritt*, the entire quote that White draws from *Spokeo* was itself a quotation from a 1976 Supreme Court opinion, *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 40 n.20 (1976). The quoted language from *Spokeo* thus did not alter *Avritt's* holding.

11

Missouri Supreme Court found that consumers who would continue to purchase Diet Coke despite knowledge of an allegedly misleading marketing practice "**suffered no injury.**" *Coca-Cola*, 249 S.W.3d at 862 (emphasis in original). Likewise, here, consumers who knew how much empty space was in Just Born's candy boxes but purchased them anyway suffered no injury.

White cites *In re Simply Orange Orange Juice Mktg. & Sales Practices Litig.* in support of his argument, but that case is distinguishable. It did not involve an MMPA violation or unjust enrichment, but rather alleged that the defendant violated "federal labeling regulations." *In re Simply Orange Orange Juice Mktg. & Sales Practices Litig.*, No. 4:12-MD-02361-FJG, 2017 WL 3142095, at *1 (W.D. Mo. July 24, 2017). Moreover, although White cites *Simply Orange* to support his argument that his classes are defined "such that all members would have standing because they are purchasers of the [candy]," Doc. 103, p. 16, *Simply Orange* found that all purchasers of the product had standing because "every container of [the] product contained [the offending label]." *Simply Orange*, 2017 WL 3142095 at *2-3. Thus, every purchaser had standing because every purchaser suffered an injury. Here, not every purchaser of Just Born's candy suffered an injury.

Although White has offered an explanation for his continued purchase of the candy over the course of five years, it is likely that a significant portion of the proposed classes will not be able to do the same. Granting class certification to a class consisting of individuals who likely do not have standing would be inappropriate.

### III. MOTION FOR LEAVE TO FILE SUR-REPLY

Just Born moved for leave to file a sur-reply, seeking an opportunity to respond to new arguments raised by White in his reply brief. The Court resolved the motion for class certification

in Just Born's favor without relying on the new arguments raised by White. The sur-reply thus is unnecessary.

## IV.     CONCLUSION

For the reasons discussed above, Plaintiff Daryl White, Jr.'s Motion for Class Certification, Doc. 68, and Defendant Just Born, Inc.'s Motion for Leave to File a Sur-Reply, Doc. 124, are denied.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  August 7, 2018
Jefferson City, Missouri